The Honorable Michael R. O'Neal State Representative, One Hundred Fourth District Box 2977 Hutchinson, Kansas 67504
Dear Representative O'Neal:
As representative for the one hundred fourth district you inquire whether K.S.A. 74-7003(k)(3), the definition of the practice of land surveying, creates an exclusive right in land surveyors to prepare original descriptions.
In pertinent part the practice of land surveying is defined to include:
 "(3) the preparation of the original descriptions of real property for the conveyance of or recording thereof and the preparation of maps, plats and field note records that represent these surveys; . . ."
You indicate that a constituent has contacted you about a title company which has construed this provision to mean that land surveyors are theonly individuals now allowed to create original land descriptions. You are concerned that this interpretation would make it unlawful for a farmer, for example, to deed part of his property to a son or daughter, where the deed contains a description of the property conveyed which is "new," if he prepares the deed himself, or has an attorney or other agent do so without engaging a land surveyor.
At issue is whether any original division of land (that has previously existed as one unit) results in an original description which must be prepared by a licensed land surveyor.
The term "original description" was interpreted in Attorney General Opinion No. 78-59 issued in 1978 under the prior administration of Curt T. Schneider. The opinion interprets K.S.A. 1977 Supp. 26a-128, the predecessor to the statute in question. See L. 1978, ch. 326, sec. 28 and L. 1968, ch. 158, sec. 3 (the statutory language is the same). We concur with Attorney General Opinion No. 78-59, but with explanation.
The opinion makes a distinction between two general categories of division of property: a fractional division and a measured division. A fractional division of a parcel is one that can be described fractionally, such as "the Northwest Quarter of the Southwest Quarter of Section 15, Township 29 South, Range 5 West, Balderdash County, Kansas".See 43 U.S.C. § 52; see Kagey, Land Survey and Land Titles, 1908. A measured division is one that involves a description where markers are referenced and appropriate distances are noted, such as a metes and bounds description. Measured divisions of property involve technical expertise within the purview of a licensed land surveyor and for this reason result in original descriptions of real property. See Attorney General Opinion No. 82-118 (licensed land surveyors are exclusively licensed to practice land surveying). See generally Rivers v. Lozeau,539 So.2d 1147 (Fla.App. 5 Dist. 1989).
Attorney General Opinion No. 78-59 uses subdivision plats and city lots as examples of these two general categories of division of land. Subdivision plats are required by K.S.A. 58-2004 to show location of monuments, closure calculations, all horizontal lot calculations and street calculations. Thus a division of a parcel of land into subdivision plats requires the use of a licensed land surveyor because the division results in parcels that must be described with a measured description. See Attorney General Opinion No. 84-48 (recordation of instruments affecting real estate). City lots, on the other hand, are generally described by lot number, street and subdivision and do not result in "original descriptions" because they are not required to show any measured distances and other technical information. See Attorney General Opinion No. 83-42 (a real estate broker need not be licensed as a land surveyor in order to prepare a description of real property by lot number, subdivision and city.)
In summation we concur with the analysis in Attorney General Opinion 78-59. The opinion, however, concludes that whether a particular description is an "original description for conveyance or recording" is to be determined by the use of the description. We find this conclusion, at best, confusing and at worst, ambiguous. For this reason we concur with the opinion's analysis and synopsis, its conclusion notwithstanding. In our opinion an original division of land and its resulting land description does not always constitute an original land description. An original land description as that term is used in K.S.A. 74-7003(k) does not make it unlawful for a farmer to deed part of his property so long as the division of land is described as a fractional part of the whole and not as a measured part of the whole. Additionally a farmer may have an attorney prepare a deed or an instrument of conveyance without regard to the statute in question so long as the instrument involves the practice of law and not the practice of land surveying. See
generally, Clark, Surveying and Boundaries (6th ed.) 1992 (the professions may overlap). [The definition in question cannot be construed to limit or define the practice law. See Kan. Const., art. 3, sec. 1;State v. Schumacher, 214 Kan. 1, 9 (1974) (the exercise of judicial power includes the supreme court's inherent right to define and control the practice of law)]. See generally, Land Surveys: A Guide for Lawyers, ABA, 1989. K.S.A. 74-7003(k) thus creates an exclusive right in land surveyors to prepare "original descriptions" as that term is interpreted herein.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm